UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN V. KLAT,<br><br>               Plaintiff,<br><br>v.<br><br>MICHAEL M. RODDY, in his official capacity as the Chief Executive Administrative Officer for San Diego Superior Court Services; and DOES 1–10, inclusive,<br><br>               Defendants. | Case No.: 3:25-cv-00065-WQH-MMP<br><br>**ORDER** |

HAYES, Judge:

      The matter before the Court is the Motion to Dismiss (ECF No. 4) filed by Defendant Michael M. Roddy.

## I.   PROCEDURAL BACKGROUND

      On January 13, 2025, Plaintiff initiated this action by filing a Complaint against Defendants Michael M. Roddy ("Defendant Roddy") and Does 1–10 ("Doe Defendants"). (ECF No. 1.)

      On March 14, 2025, Defendant Roddy filed a Motion to Dismiss requesting that the Court dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

1  (ECF No. 4.) On April 3, 2025, Plaintiff filed an Opposition to the Motion to Dismiss.

2  (ECF No. 6.) On April 14, 2025, Defendant Roddy filed a Reply in support of the Motion

3  to Dismiss. (ECF No. 7.)

4  **II.   ALLEGATIONS IN THE COMPLAINT**

5       On November 4, 2024, Plaintiff filed a claim in the Central Division of the Superior

6  Court of California, County of San Diego ("the Superior Court"). (ECF No. 1 at ¶ 1.)

7  Plaintiff submitted a $50.00 check in satisfaction of the Superior Court's filing fee for the

8  claim. (*Id.* at ¶ 8.)

9       On November 13, 2024, Plaintiff filed an amended claim in the same case. (*Id.* at

10  ¶ 9; *see also* ECF No. 1-9.) Plaintiff submitted a $15.00 check in satisfaction of a service

11  fee required by the Superior Court for certified mail service. (ECF No. 1 at ¶ 9; *see also*

12  ECF No. 1-4.)

13       On December 16, 2024, Plaintiff filed a second amended claim. (ECF No. 1 at ¶ 9;

14  *see also* ECF No. 1-12.) Plaintiff submitted another $15.00 check in satisfaction of the

15  service fee required by the Superior Court for certified mail service. (ECF No. 1-12.)

16       On December 30, 2024, the Superior Court informed Plaintiff that her claim was "in

17  default for insufficient funds." (ECF No. 1 at ¶ 1.) The Superior Court sent a Notice of

18  Dishonored Payment informing Plaintiff that her check made on December 16, 2024 in the

19  amount of $15.00 "has been returned unpaid by the financial institution marked

20  'Insufficient Funds.'" (ECF No. 1-15.) The Superior Court advised Plaintiff that "no further

21  paperwork would be accepted for filing until the account was 'settled.'" (ECF No. 1 at ¶

22  10.)

23       Plaintiff alleges that Defendant Roddy, "acting in his official capacity as the Chief

24  Executive Administrative Officer for San Diego Superior Court Services," collaborated

25  with other employees to "falsify superior court financial intake records . . . creating the

26  false impression of insufficient funds to an otherwise paid claim." (*Id.* at ¶ 12.) The

27  "collaboration appears to be an attempt to justify the unlawful seizure and disposal of

28  property . . . accompanying the wrongful death and excessive use of force on a civilian by

1  a police officer." (*Id.* at ¶ 1.) The civilian is "plaintiff's deceased grandson, Dejon Marques

2  Heard, who was fatally wounded by San Diego Police in Birdrock, La Jolla, on July 6,

3  2024." (*Id.* at ¶ 12.)

4        Plaintiff brings three causes of action against Defendant Roddy and unnamed

5  "collaborating public employee[s]": (1) deprivation of rights under 42 U.S.C. § 1983; (2)

6  conspiracy to interfere with civil rights under 42 U.S.C. § 1985(2); and (3) negligence in

7  preventing interference with civil rights under 42 U.S.C. § 1986. (*Id.* at ¶¶ 7, 11–26.)

8  Plaintiff alleges that Defendant Roddy's "executive instructions demanding additional

9  payment to access court services that exceed what is legally required . . . deprived the

10  plaintiff of the right to access and petition the government for a redress of grievances

11  protected under the First and Fourteenth Amendments to the Constitution of the United

12  States." (*Id.* at ¶ 14.)

13        Plaintiff seeks relief in the amount of $4,750 for the "estimated value of personal

14  property belonging to the Plaintiff's deceased grandson," $5,500 for "material costs and

15  fees associated with pursuing this case in federal court," and "any such further relief this

16  Court deems proper and just." (*Id.* at 9–10.)

17  **III.    CONTENTIONS**

18        Defendant Roddy contends that the Complaint should be dismissed under Federal

19  Rule of Civil Procedure 12(b)(6) for three reasons: first, the Eleventh Amendment bars

20  suits for damages against state officials (ECF No. 4-1 at 4–5); second, quasi-judicial

21  immunity applies to "the Superior Court's attempt to collect a fee that was [] owed." (*id.*

22  at 6); third, the Complaint fails to state a claim because "Plaintiff's allegations that her

23  constitutional rights were violated are merely legal conclusions" and "Plaintiff fails to

24  allege any specific facts supporting the existence of a conspiracy." (*id.* at 7–8.)

25        Plaintiff contends that "Eleventh Amendment qualified immunity is only available

26  to a state employee when it has been demonstrated that the individual is acting in an official

27  capacity," and that qualified immunity "protects government officials from liability for

28  damages unless their conduct violates clearly established constitutional rights." (ECF No.

6 at 9 (emphasis omitted).) Plaintiff contends that quasi-judicial immunity "does not encompass activities that would impede the plaintiff's ability to access the courtroom . . . and prevent[] her from presenting her case." (*Id.* at 11.) Plaintiff contends that "the sequence of events following the initiation of th[e] Complaint demonstrates that the Defendant's actions were intentional, premeditated, and designed to create a barrier preventing the Plaintiff from accessing the courthouse to present and recover confiscated property belonging to her deceased 25-year-old grandson . . . ." (*Id.* at 2–3.)

## IV.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Federal Rule of Civil Procedure 12(b)(6) "is proper only where there is no cognizable legal theory[,] or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1045, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "[W]here the petitioner is *pro se*, particularly in civil rights cases, [courts] construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *id.* However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). While a pleading "does not require 'detailed factual allegations,'" Federal

4

3:25-cv-00065-WQH-MMP

Rule of Civil Procedure 8 nevertheless "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## V.   DISCUSSION

### A. Sovereign Immunity

Defendant Roddy contends that he is "entitled to the immunity provided under the Eleventh Amendment" because Plaintiff "explicitly sued [him] in his official capacity 'for civil rights infringements-damages sustained while [he] was performing services in his official capacity.'" (ECF No. 4-1 at 6 (quoting ECF No. 1 at 9).)

Plaintiff contends that "Eleventh Amendment immunity does not extend to or preempt an action brought under Title 42 U.S. Code § 1983 . . . if the illicit act occurs while the individual is shown to be functioning in an official capacity and operating outside the defined job description and responsibilities under the color of law." (ECF No. 6 at 2.)

The Eleventh Amendment to the U.S. Constitution ("Eleventh Amendment") protects states and their officials from claims brought in federal court, unless the state consents to the lawsuit. *Jensen v. Brown*, 131 F.4th 677, 696 (9th Cir. 2025); *Alden v. Maine*, 527 U.S. 706, 712 (1999) ("We have . . . sometimes referred to the States' immunity from suit as 'Eleventh Amendment immunity.' The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment."). A claim for damages brought under 42 U.S.C. § 1983 against a state official "in his or her official capacity . . . is no different from a suit against the State itself" and remains barred by sovereign immunity. *Flint v. Dennison*, 488 F.3d 816, 824 (9th Cir. 2007) (quoting *Will v. Michigan Dep't of*

*State Police*, 491 U.S. 58, 71 (1989)). An official-capacity action for damages under 42 U.S.C § 1983 "look[s] to the government entity itself," whereas a personal-capacity suit "seek[s] to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). "In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases will typically indicate the nature of the liability sought to be imposed.'" *Id.* at 167 n.14 (quoting *Brandon v. Holt*, 469 U.S. 464, 469 (1985)). Plaintiffs may not circumvent sovereign immunity by naming state employees as defendants "when the state is the real, substantial party in interest." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (quotation omitted).

Plaintiff's claims against Defendant Roddy related to actions taken "in His [*sic*] official capacity as Chief Executive Administrator for San Diego Superior Court Services" are properly understood as an official-capacity action. (ECF No. 1 at ¶ 1.) Allegations in the Complaint pertain to Defendant Roddy "performing duties" in his role as an employee of the Superior Court and the "demand made on December 30, 2024, under [his] supervision that requires the plaintiff to pay additional fees to an already fully funded complaint . . ." (*Id.* at ¶ 1.) Plaintiff alleges that Defendant Roddy belongs to an "'unidentified' group of City and County employees working for or directly with the San Diego Police Department and City Attorney." (*Id.*) The Complaint makes repeated reference to Defendant Roddy "acting in his official capacity." (*Id.* at ¶¶ 12, 17, 23.) The Court finds that the Complaint states a claim against Defendant Roddy in his official capacity.

The official-capacity action against Defendant Roddy is barred by sovereign immunity. As an arm of the state of California, the Superior Court is entitled to the immunity enjoyed by the state itself. *Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980 (9th Cir. 2024); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987), *superseded by statute on other grounds*. The Ninth

3:25-cv-00065-WQH-MMP

1  Circuit has held specifically that sovereign immunity bars official-capacity actions against

2  employees of the Superior Courts of California. *Simmons v. Sacramento County Superior*

3  *Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff cannot state a claim against the

4  Sacramento Superior County Superior Court (or its employees), because such suits are

5  barred by the Eleventh Amendment.").

6        The limited exceptions to sovereign immunity for an official's alleged constitutional

7  violation are not applicable. The United States Supreme Court has held that for cases "in

8  which the statute or order conferring power upon the officer to take action in the

9  sovereign's name is claimed to be unconstitutional" or the official's actions are "ultra vires

10  his authority," the alleged conduct against which "specific relief is sought is beyond the

11  officer's powers and is, therefore, not the conduct of the sovereign." *Larson v. Domestic*

12  *& Foreign Com. Corp.*, 337 U.S. 682, 689–90 (1949). However, because "the *Larson*

13  framework does not apply in suits for damages," it is inapplicable to Plaintiff's claim for

14  monetary relief against Defendant Roddy. *E.V. v. Robinson*, 906 F.3d 1082, 1095 (9th Cir.

15  2018); *see also Clark v. Library of Congress*, 750 F.2d 89, 104 (D.C. Cir. 1984) ("Even if

16  the [defendant's] actions were both *ultra vires* and unconstitutional, sovereign immunity

17  would still bar [the plaintiff's] claims for monetary relief because these two exceptions are

18  only applicable to suits for specific, non-monetary relief.").

19        For this reason, the Court finds that sovereign immunity establishes a complete bar

20  to the claims alleged in the Complaint.

21        **B. Quasi-Judicial Immunity**

22        Additionally, and in the alternative, the Court finds that quasi-judicial immunity bars

23  Plaintiff's claims against Defendant Roddy.

24        Defendant Roddy contends that his alleged actions are "protected by quasi-judicial

25  immunity," which extends to non-judicial officials "[w]here the accused conduct is an

26  integral part of the judicial process." (ECF No. 4-1 at 6–7.)

27        Plaintiff contends that quasi-judicial immunity "does not encompass activities that

28  would impede [her] ability to access the courtroom (which occurred on February 26, 2025)

3:25-cv-00065-WQH-MMP

1   and prevented her from presenting her case in San Diego Superior Court." (ECF No. 6 at

2   11.)

3        Judicial clerks "have absolute quasi-judicial immunity from damages for civil rights

4   violations when they perform tasks that are an integral part of the judicial process." *Mullis*

5   *v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987) "[C]lerks

6   qualify for quasi-judicial immunity unless [their] acts were done in the clear absence of all

7   jurisdiction." *Id.* The Ninth Circuit has "extended absolute quasi-judicial immunity to non-

8   judicial officers for purely administrative acts—acts which taken out of context would

9   appear ministerial, but when viewed in context are actually a part of the judicial function."

10  *Fort v. Washington*, 41 F.4th 1141, 1144 (9th Cir. 2022) (citing *In re Castillo*, 297 F.3d

11  940, 952 (9th Cir. 2002) (emphasis omitted) (quotation omitted)). Moreover, a "mistake or

12  act in excess of jurisdiction does not abrogate judicial immunity, even if it results in grave

13  procedural errors." *Mullis*, 828 F.2d at 1390 (quotation omitted).

14       Defendant Roddy's alleged conduct is protected by quasi-judicial immunity. The

15  "demand made . . . under the defendant's supervision that requires the plaintiff to pay

16  additional fees to an already fully funded complaint" is an element of the court's fee

17  collection system, which is an integral part of the judicial process. (ECF No. 1 at 2); *Fort*,

18  41 F.4th at 1145 ( "[J]udicial acts that are part of the judicial function are [not] excluded

19  from absolute immunity because they could be characterized as nondiscretionary or even

20  ministerial.") (quoting *Wilson v. Kelkhoff*, 86 F.3d 1438, 1444 (7th Cir. 1996)); *see also*

21  *Mink v. Arizona*, No. CV09-2582 PHX DGC, 2010 WL 2690633, at *2 (D. Ariz. July 6,

22  2010) (finding quasi-judicial immunity applicable to a municipal court clerk's refusal of

23  plaintiff's attempted payment of a fine).

24       Plaintiff's allegations of "obstruction [that] is intentional and designed to conceal

25  theft" are insufficient to pierce the immunity to which Defendant Roddy is entitled. (ECF

26  No. 1 at 2.) In *Moore v. Brewster*, the Ninth Circuit affirmed the district court's dismissal

27  of claims against the Clerk of the United States District Court for the Southern District of

28  California notwithstanding allegations that he "deceived [the plaintiff] regarding the status

1  of [a] bond and improperly conducted hearings to assess costs, all in coordination with

2  Judge Brewster" because the alleged actions nonetheless "would fall within [his] quasi-

3  judicial duties and are thus protected by absolute immunity." 96 F.3d 1240, 1244 (9th Cir.

4  1996), *superseded on other grounds by statute*; *see also Coulter v. Murrell*, No. 10CV102-

5  IEG(NLS), 2011 WL 13208995, at *1 (S.D. Cal. Mar. 1, 2011), *aff'd sub nom.*, *Coulter v.*

6  *Roddy*, 463 F. App'x 610 (9th Cir. 2011) (granting defendant's motion for summary

7  judgment in response to claims that he directed state court clerks to "improperly and

8  illegally" deny the filing of judicial documents).

9        For this reason, the Court finds that quasi-judicial immunity establishes a complete

10  bar to Plaintiff's claims.

11  **VI.  CONCLUSION**

12        IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 4) filed by

13  Defendant Roddy is granted.

14        IT IS FURTHER ORDERED that this action is dismissed without prejudice and with

15  leave to amend. No later than thirty (30) days from the filing of this Order, Plaintiff may

16  file a pleading entitled First Amended Complaint that addresses the deficiencies identified

17  in this Order. The First Amended Complaint must be complete in itself and shall not

18  incorporate by reference the original Complaint. If Plaintiff fails to file a First Amended

19  Complaint within thirty (30) days of the filing of this Order, the Court will direct the Clerk

20  of Court to close the case.

21

22

23  Dated:  October 20, 2025

24                                            Hon. William Q. Hayes
                                              United States District Court
25

26

27

28

3:25-cv-00065-WQH-MMP